UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ABDI MOHAMMED GUREWARDHER,**

    Petitioner,

v.                                           Civil Case No. 14cv362
                                                   Criminal No. 2:10cr56

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Abdi Mohammed Gurewardher's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 398. Petitioner's § 2255 Motion argues that his convictions under 18 U.S.C. §§ 924(c) and 1651 are illegal due to two recent United States Supreme Court rulings. After reviewing the briefs and case file, the Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to relief in his § 2255 Motion. See R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a). For the reasons discussed below, Petitioner's § 2255 motion is **DISMISSED** as procedurally defaulted and, in the alternative, **DENIED** on the merits.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2010, the USS Nicholas, a United States Navy frigate, was on a counter-piracy mission in the Indian Ocean between Somalia and the Seychelles. In the early morning, Abdi Wali Dire, Gabul Abdullahi Ali, and Mohammed Modin Hasan approached the Nicholas in an attack skiff ("the attack skiff"), believing that the Nicholas was a merchant vessel. While Dire, Ali, and Hasan operated the attack skiff, Abdi Mohammed Umar and Petitioner (collectively with Dire, Ali, and Hasan, "Defendants") remained on a larger mother ship ("the mother ship") some distance away. After firing on the Nicholas, Dire, Ali, and Hasan quickly learned that they had unwittingly attacked a naval vessel when the crew of the Nicholas responded in kind. Following a short exchange of gunfire, Dire, Ali, and Hasan fled on the attack skiff. The Nicholas pursued the attack skiff, and captured it, Dire, Ali, and Hasan. During the pursuit, the crew of the Nicholas spotted on the horizon a flashing light emanating from the mother ship. Once the Nicholas had seized the attack skiff, its crew destroyed the attack skiff because the Nicholas did not have the capability to bring the skiff aboard the vessel and towing the skiff would have jeopardized the vessel's ability to pursue the mother ship. The Nicholas then pursued and captured the mother ship, Umar, and Petitioner.

On July 7, 2010, Defendants were indicted by a federal grand jury on fourteen counts. Specifically, Petitioner was charged with: Piracy under the Law of Nations (Count One); Attack to Plunder a Vessel (Count Two); Act of Violence Against Persons on a Vessel (Count Three); Conspiracy to Perform an Act of Violence Against Persons on a Vessel (Count Four); Assault with a Dangerous Weapon in the Special Maritime Jurisdiction (Counts Five and Six); Assault with a Dangerous Weapon on Federal Officers and Employees (Counts Seven and Eight); Conspiracy Involving a Firearm and a Crime of Violence (Count Nine); Using, Carrying, and Possessing a Firearm in Relation to a Crime of Violence (Counts Ten and Eleven); Using, Carrying, and Possessing a Destructive Device in Relation to a Crime of Violence (Count Twelve); Carrying an Explosive During the Commission of a Felony (Count Thirteen); and Conspiracy to Carry an Explosive During the Commission of a Felony (Count Fourteen).

Prior to trial, Petitioner filed a motion to dismiss Count One, arguing that his actions did not constitute piracy. Mot. to Dismiss, ECF No. 86. After determining the definition of piracy according to the "law of nations," as required by 18 U.S.C. § 1651, and finding that Petitioner's conduct fell within that definition, the Court denied Petitioner's motion to dismiss Count One on October 29, 2010. United States v. Hasan, 747 F. Supp. 2d 599 (E.D. Va. 2010). Defendants were found guilty on

all counts after an eleven-day jury trial. After trial, Petitioner filed a motion for acquittal on Count One, asking the Court to reconsider the definition of "piracy," in light of a report from the Congressional Research Service ("CRS") discussing the legal definition of piracy. Mot. for Acquittal, ECF No. 225. On March 9, 2011, the Court found that the CRS report did not present any additional information, regarding the definition of piracy, that the Court had not already considered and denied Petitioner's motion for acquittal. Op. and Order, ECF No. 296.

The Court sentenced Petitioner to a total term of imprisonment of life plus nine hundred sixty months.[1] Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, alleging that, among other things, the Court improperly instructed the jury as to Count One and denied Petitioner's post-trial motion for acquittal. The Fourth Circuit affirmed Petitioner and co-defendants' convictions, in a

---

[1] More specifically, the Court imposed a mandatory life sentence on Count One, one hundred twenty (120) months on Count Two, two hundred forty (240) months on Count Three, two hundred forty (240) months on Count Four, one hundred twenty (120) months on Count Five, one hundred twenty (120) months on Count Six, two hundred forty (240) months on Count Seven, two hundred forty (240) months on Count Eight, two hundred forty (240) months on Count Nine, and two hundred forty (240) months on Count Fourteen, all to be served concurrently to each other and to the Life term; as well as three hundred (300) months on Count Ten, three hundred (300) months on Count Eleven, and three hundred sixty (360) months on Count Twelve, all to be served consecutively to the concurrent terms and to each other. The Court dismissed Count Thirteen as multiplicious on March 9, 2011. Opinion and Order, ECF No. 296.

4

published opinion, on May 23, 2012. <u>United States v. Dire</u>, 680 F.3d 446 (4th Cir. 2012). On January 22, 2013, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. <u>Dire v. United States</u>, 133 S. Ct. 982 (2013).

Petitioner filed his § 2255 motion on July 30, 2014. ECF No. 400. The Court ordered the Government to file a response to Petitioner's motion, and the Response was filed on October 6, 2014. ECF No. 403. Petitioner did not file a Reply in this matter. Accordingly, this matter is ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." <u>Id.</u> A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's

5

recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack via a § 2255 motion does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999)(citing Sunal v. Large, 332 U.S. 174, 177 (1947)). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle," that is, procedural default, applies to claims advanced for the first time in a § 2255 motion because, once a defendant's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65.

The doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show:

(1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992). "'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim, or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, he must show that errors "worked to his actual and substantial disadvantage, infecting his entire [case] with error of constitutional dimensions." Frady, 456 U.S. at 170.

Congress has established a one-year limitations period within which a petitioner must file his § 2255 motion. 28 U.S.C. § 2255(f). The one-year limitations period begins running on the latest of four operative dates: the "date on which the judgment of conviction becomes final," the date on which certain government-created impediments to filing are removed, the date on which a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or the date on which previously undiscoverable facts supporting the claim could be discovered. Id. In this case, Petitioner appears to argue his § 2255 motion

7

is timely pursuant to § 2255(f)(3), the portion of the statute of limitations concerning new rights recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

### III. DISCUSSION

As noted above, Petitioner raises two arguments regarding the legality of his convictions. Petitioner asserts, first, that his convictions under 18 U.S.C. § 924(c), which prohibits the use of a firearm in furtherance of a crime of violence, are illegal in light of the Supreme Court's recent decision of <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014). Second, Petitioner argues that his conviction for piracy under 18 U.S.C. § 1651, is illegal in light of the Supreme Court's recent decision of <u>Bond v. United States</u>, 134 S. Ct. 2077 (2014). The Government argues that Petitioner's claims are procedurally defaulted and, alternatively, fail on the merits.[2] The Court will address each of Petitioner's claims in turn.

---

[2] The Government also argues that Petitioner's § 2255 Motion is untimely because it was not filed within one year after Petitioner's conviction became final on January 22, 2013. However, the Government notes that its argument regarding timeliness is intertwined with its arguments regarding procedural default and, alternatively, the merits of Petitioner's claims. Resp. of U.S. in Opp'n to Mot., 9, ECF No. 403. Therefore, due to the Government's alternative argument, the Court assumes, without deciding, that Petitioner's § 2255 motion is timely under § 2255(f)(3) because Petitioner appears to rely on new rights recognized in the Supreme Court's <u>Rosemond</u> and <u>Bond</u> decisions and his motion was filed within one year of those decisions. <u>See</u> <u>United States v. Mathur</u>, 685 F.3d 396, 398 (4th Cir. 2012) (quoting 28 U.S.C. § 2253(f)(3)).

## A. Rosemond v. United States

In Rosemond, the Supreme Court determined that a defendant, convicted of aiding and abetting a firearm offense under 18 U.S.C. § 924(c), must know beforehand that one of his confederates will carry a gun. 134 S. Ct. at 1249. Rosemond established that the Government must prove that "the defendant has chosen, with full knowledge, to participate in the illegal scheme . . . ." Id. at 1250. The Supreme Court found that advance knowledge enables a defendant to make the relevant legal choice: to attempt to alter a planned offense, "withdraw from the enterprise," or "go ahead with his role in the venture that shows his intent to aid in an armed offense." Id. at 1249.

Petitioner argues that he was held responsible for co-defendants' use of firearms during the piracy offense in question. However, Petitioner argues, the Government did not prove that Petitioner had "advance knowledge" that his co-defendants would use a firearm. In response, the Government asserts that Petitioner's claim is procedurally defaulted because Petitioner did not raise the issue of foreknowledge at trial or on direct appeal. Alternatively, the Government argues that Petitioner's claim is deficient on the merits.

Petitioner has procedurally defaulted his Rosemond claim by failing to raise the issue of foreknowledge at trial or on direct appeal. Thus, Petitioner must demonstrate both cause and

9

prejudice for the Court to consider such claim. Mikalajunas, 186 F.3d at 492-93. Petitioner has shown neither. With respect to cause, Petitioner has not alleged that his procedural default "turn[s] on something external to the defense." Pettiford, 612 F.3d at 280. Prior to trial, several federal circuit courts, excluding the Fourth Circuit, had found that a defendant could be guilty of aiding and abetting an offense under § 924 only if a defendant both knew that a firearm would be used and actively facilitated the use of the firearm. See United States v. Bowen, 527 F.3d 1065, 1079 n.11 (10th Cir. 2008) (declining to make such a holding, but listing cases that determined as much). Thus, there was no impediment to Petitioner raising such an argument at trial or on appeal. Therefore, Petitioner has failed to show "cause" excusing his failure to raise such error.

As to prejudice, Petitioner's allegations are unavailing because he has failed to demonstrate that he suffered "actual and substantial disadvantage" which infected his entire case with "error of constitutional dimensions." Frady, 456 U.S. at 170. Instead, the evidence at trial demonstrated that Petitioner had the requisite foreknowledge of co-defendants' use of firearms. At trial, the Government presented evidence from Petitioner's April 4, 2010 interview with Agent Knox aboard the Nicholas. In that interview, Petitioner admitted to willingly participating in the plan to pirate a merchant vessel and noted

10

that each man who left the mother ship to attack the Nicholas had weapons and none were left behind. Trial Tr. at 883-84, ECF No. 251. Thus, Petitioner has failed to demonstrate that he suffered "actual prejudice" resulting from the purported error. The Court, therefore, **DISMISSES** Petitioner's Rosemond claim, because Petitioner has procedurally defaulted such claim.

In the alternative, even if Petitioner's Rosemond claim was not procedurally defaulted, the Court **DENIES** Petitioner's claim on the merits. A jury verdict must be upheld if there is evidence which a reasonable finder of fact could find sufficient to support a defendant's guilt beyond a reasonable doubt. United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (citing United States v. Burgos, 94 F.3d 849, 861 (4th Cir. 1996). Petitioner contends that the Government's evidence was insufficient because the Government did not prove that Defendant had "advance knowledge" of his co-defendants' actions. However, evidence of Petitioner's intent and foreknowledge of his co-defendants' firearm use was presented at trial. Thus, a reasonable finder of fact could conclude that Petitioner was guilty of the firearm offenses as charged. Therefore, Petitioner's claim, based on Rosemond, fails on the merits.

### B. Bond v. United States

In Bond, the Supreme Court reversed a conviction under 18 U.S.C. § 229, which implements the International Convention on

11

Chemical Weapons and prohibits the development or use of a chemical weapon. 134 S. Ct. at 2093. The Supreme Court found that Congress did not intend § 229 to encompass defendant's purely local conduct, that is, defendant's sprinkling of photo-developing chemicals around her husband's home in hopes that he would touch the chemicals and develop an uncomfortable rash. Id. at 2085. The Court concluded that, in drafting § 229, Congress considered the fundamental balance between national and local power, id. at 2093, and it did not intend to impose on Pennsylvania's right to prosecute and punish "unremarkable" criminal conduct committed in its jurisdiction. Thus, defendant's conduct did not violate the prohibition against chemical weapons in § 229, and her conviction was reversed.

Petitioner summarily argues that, pursuant to Bond, this Court "lacked jurisdiction to try, convict, and sentence him on [C]ount [O]ne." Pet'r's Mot. to Vacate, 2, ECF No. 400. The Government asserts that Petitioner's claim is procedurally defaulted and, in the alternative, meritless because Bond is not relevant to Petitioner's conviction for piracy.

Petitioner has procedurally defaulted his claim under Bond. Petitioner has not demonstrated how the Bond decision is relevant to Petitioner's § 2255 Motion, or, if Bond is relevant, that Petitioner has "cause" excusing his failure to raise such issue at trial or on appeal. Petitioner's counsel raised the

issue of jurisdiction as to Count One both before and after trial. Petitioner provides no justification why his present claim was not, or could not be, addressed during trial or appeal proceedings. Thus, Petitioner has failed to demonstrate that he had cause for his procedural default in failing to raise the issue, or that he suffered any "actual prejudice" due to the alleged error. Therefore, the Court **DISMISSES** Petitioner's <u>Bond</u> claim because Petitioner has procedurally defaulted such claim.

In the alternative, even if Petitioner's <u>Bond</u> claim was not procedurally defaulted, the Court **DENIES** Petitioner's claim on the merits. The <u>Bond</u> decision is not relevant to Petitioner's conviction for piracy. As noted above, <u>Bond</u> addressed criminal conduct that was purely local conduct, and the Supreme Court relied on established principles of federalism to interpret the term "chemical weapon." Petitioner's piracy offense, instead, took place at sea, and Congress directed courts to look to the "law of nations" to determine what conduct constitutes piracy. Further, Defendant challenged the Court's jurisdiction as to Count One before and after trial, and his claims were denied by this Court and the Fourth Circuit. <u>Dire</u>, 680 F.3d at 467-69. Therefore, Petitioner's claim, related to <u>Bond</u>, fails on the merits.

13

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 Motion is **DISMISSED** as procedurally defaulted and, in the alternative, **DENIED** on the merits.

Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); 28 U.S.C. § 2253(c)(2); see <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and to the United States Attorney's Office in Norfolk, Virginia.

IT IS SO ORDERED.

/s/ *msd*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 23, 2015